**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

United States of America

       v.                              Case No. 1:22-cv-298-LM

Audris E. Clark and Dean M. Clark
d/b/a DMC Surveyors

**REPORT AND RECOMMENDATION**

The government filed suit against Audris E. Clark and Dean M. Clark d/b/a DMC Surveyors, seeking to reduce unpaid federal tax liabilities to judgment pursuant to 26 U.S.C. §§ 6651, 6654. See Compl. (Doc. No. 1).  The Clarks failed to respond to the government's complaint, and on October 24, 2022, the Clerk of Court entered default against them.  (Doc. No. 9).  Before the court for recommendation as to disposition is the government's motion for default judgment.  (Doc. No. 10).[1]  For reasons explained below, the court recommends that the government's motion be granted and that judgment be awarded in the following amounts: $92,361.39 as to the Clarks for income tax liabilities;

---

[1] The government moves for default judgment under Federal Rule of Civil Procedure 55(b)(1), but as explained below, based on the government's initial submission, the entry of default judgment was not a purely "ministerial task," and therefore, the court must analyze its motion under Federal Rule of Civil Procedure 55(b)(2).  See, e.g., United States v. Greer, No. 18-02497 (KBJ), 2020 WL 6596703, at *3 (D.D.C. Feb. 28, 2020) (applying Rule 55(b)(2) to unpaid taxes, statutory penalties, and interest when the amounts are not properly itemized).

$38,004.67 as to Dean Clark for employment tax liabilities; and $13,894.51 as to Dean Clark for unemployment tax liabilities. These amounts reflect balances due as of January 10, 2023 and are subject to statutory additions and interest, which continue to accrue pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

## **STANDARD OF REVIEW**

When a party moves for a default judgment under Rule 55(b)(2), the court "may examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action." Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002). The defaulting party is "taken to have conceded the truth of the factual allegations in the complaint." Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62 (1st Cir. 2002). Admitting the truth of the factual allegations, however, "does not admit the legal sufficiency of [the] claims." 10 James W. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2013). For that reason, the court reviews the admitted facts in light of the elements of the claims pleaded before entering a default judgment. Sampson v. Lambert, 903 F.3d 798, 805-06 (8th Cir. 2018); Neff v.

2

Mediation Processing Servs., LLC, No. 21-CV-310-JL, 2021 WL 7082838, at *1 (D.N.H. Sept. 27, 2021), report and recommendation adopted, No. 21-CV-310-JL, 2021 WL 7082833 (D.N.H. Oct. 14, 2021).

## BACKGROUND

By virtue of their default, the Clarks concede the following facts alleged in the government's complaint.  The government made joint income tax assessments against the Clarks for tax periods ending in the years 2012, 2013, 2014, 2015, 2017, and 2018.  See Compl. (Doc. No. 1, ¶ 5).  The government provided proper notice of these tax liabilities, which included the tax assessment amount, as well as penalties, costs, and statutory interest, to the Clarks.  Id.  The Clarks, however, failed to pay these liabilities, and as of January 24, 2022, the Clarks were liable to the government in the amount of $94,052.22.  Id. ¶ 7.

As to Dean Clark, the government made employment and unemployment tax assessments against him, as the sole proprietor of DMC Surveyors, for tax periods ending in the years 2010 and 2011.  Id. ¶¶ 4, 8, 13.  The government similarly provided Dean Clark with proper notice of these tax liabilities, as well as

3

penalties, costs, and statutory interest, but he failed to pay these liabilities. Id. ¶¶ 9, 14. As of January 24, 2022, Dean Clark was liable to the government in the amount of $47,488.66 for employment tax liabilities and in the amount of $13,282.62 for unemployment tax liabilities. Id. ¶¶ 10, 15.

On August 4, 2022, the government filed suit against the Clarks, seeking to reduce their tax liabilities to judgment. The Clarks were served with a copy of the summons and complaint, and they each executed a Waiver of the Service of Summons on August 11, 2022. (Doc. No. 8). When the Clarks did not file a response to the complaint within the time allowed, the Clerk of Court entered default against them (Doc. No. 9), and the government moved for default judgment. (Doc. No. 10).

On December 5, 2022, the court held a hearing on the government's motion for default judgment, and on January 31, 2023, the government submitted a supplemental brief. (Doc. No. 13). The supplemental brief included additional support and clarification of the Clarks' tax liability amounts through a supplemental declaration of Mary Bishop. Bishop stated that as of January 10, 2023, the Clarks had a joint income tax liability in the amount of $92,361.39, and that Dean Clark's employment

4

and unemployment tax liabilities were in the amounts of $38,004.67 and $13,894.51.

### DISCUSSION

The government brings a single claim against the Clarks jointly and two claims against Dean Clark as the sole proprietor of DMC Surveyors.[2] In Count I, the government seeks to reduce the Clarks' income tax liabilities to judgment. In Counts II and III, the government seeks to reduce Dean Clark's employment and unemployment tax liabilities to judgment.

---

[2] DMC Surveyors was a sole proprietorship owned and operated by Dean Clark. See Compl. (Doc. No. 1, ¶ 4). Accordingly, Dean Clark, individually, is responsible for the liabilities of DMC Surveyors. See U.S. v. Emerson, 927 F. Supp. 23, 27 n.1 (D.N.H. 1996) ("For purposes of this opinion and the assessment of the civil penalty Alan Emerson and his sole proprietorship, Alan Emerson d/b/a Emerson Aviation, are treated as the same financial entity, with the assets and liabilities of the business chargeable to the individual."); see also Kingvision Pay-Per-View, Ltd. V. McCoy, No. 00-288-M, 2001 WL 274800, at *2 (D.N.H. Jan. 11, 2001) (noting that naming a sole proprietorship as a separate defendant is "unnecessary surplusage" where the individual proprietor is liable).

### I. Liability

"26 U.S.C. § 6651(a)(2) imposes a penalty for failure to pay taxes due on or before the date prescribed for payment of such unless it is shown that such failure is due to reasonable cause and not due to willful neglect." Kennedy v. United States, 542 F. Supp. 1046, 1049 (D.N.H. 1982) (quotation omitted). Under the statute, "the imposition of such penalties is mandatory absent a satisfactory demonstration by the taxpayer that its failure to comply was due to reasonable cause and not due to willful neglect . . . ." Id. (quotation omitted). 26 U.S.C. § 6654 similarly imposes a penalty for failure to make estimated tax payments.

#### A. Timeliness of the Government's Claims

Court proceedings to collect a tax liability must be made "within 10 years after the assessment of the tax." 26 U.S.C. § 6502(a)(1). The limitations period is tolled, however, while an offer-in-compromise or installment agreement is pending, and if such offer is rejected or terminated by the government, for 30 days thereafter. 26 U.S.C. § 6331(i),(k).

The earliest assessment date for the Clarks' income tax liabilities is July 29, 2013. See Compl. (Doc. No. 1, ¶ 5).

6

Where the government filed its complaint on August 4, 2022, its claim as to the Clarks is timely.

The earliest assessment date for Dean Clark's employment and unemployment tax liabilities is April 16, 2012.  On May 14, 2014, Dean Clark made an offer for an installment agreement as to his employment and unemployment tax liabilities.  Id. (Doc. No. 1, ¶¶ 11, 16).  The offer remained pending until September 8, 2014.  Id.  Pursuant to 26 U.S.C. § 6331 (i) and (k), the limitations period was tolled during the pendency of the offer and for 30 days thereafter (from May 14, 2014 through October 8, 2014, for a total of 147 days).  Thus, accounting for the tolling period, the government's statute of limitations would have run on September 10, 2022.  Where the government filed its complaint on August 4, 2022, its action against Dean Clark is also timely.

### B. Sufficiency of the Claims

In its complaint, the government sufficiently alleges facts to support its claims against the Clarks.  Specifically, the government adequately states that the Clarks owed income tax liabilities for the tax years 2012, 2013, 2014, 2015, 2017, and 2018.  Despite receiving proper notice of these tax liabilities,

7

the Clarks failed to pay the liabilities. In addition, the government adequately alleges that Dean Clark, as the sole proprietor of DMC Surveyors, owed but failed to pay employment and unemployment tax liabilities for the 2010 and 2011 tax years despite receiving proper notice of such liabilities. Accordingly, the government is entitled to default judgment as to liability on Counts I, II, and III.

**II. Damages[3]**

In the case of defaulting defendants, "the amount of damages are not necessarily established as a result of the default." Int'l Union of Operating Eng'rs, Local 4 v. Stanley Excavation, 243 F.R.D. 25, 27 (D. Me. 2007) (quotation omitted). Rather, allegations of damages "must be established by proof unless the damages involve a sum certain or are for liquidated damages." Id. (quotation omitted). While delinquent tax assessments can constitute liquidated damages, see KPS & Assocs. v. Designs by FMC, Inc., 318 F.3d 1, 20 (1st Cir. 2003),

---

[3] The court did not hold a hearing on damages. Rule 55(b)(2) "makes an evidentiary hearing an available tool, not a prerequisite, to the determination of a damage award." AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 429, 436 (1st Cir. 2015).

8

courts have applied Rule 55(b)(2) to make a judicial determination on damages when the government's assessments are not sufficiently clear and fail to properly itemize unpaid taxes, statutory penalties, and interest.  See Greer, 2020 WL 6596703, at *3; United States v. Myers, 236 F. Supp. 3d 702, 710 (E.D.N.Y. 2017) (entering default judgment under Rule 55(b)(2) and explaining how interest and statutory accruals on unpaid taxes should be calculated).

"Tax assessments by the IRS are presumed correct."  United States v. Limanni, No. 12-cv-114-JD, 2015 WL 1345033, at * 2 (D.N.H. Mar. 23, 2015) (citing  Hostar Marine Transport Sys., Inc. v. United States, 592 F.3d 202, 208 (1st Cir.2010)); United States v. Chesir, No. CV-08-2552, 2011 WL 3040536, at *3 (E.D.N.Y. June 27, 2011) (presuming the government's tax calculations, set forth in affidavits, to be correct in a default judgment action); see also United States v. Beckwith, No. 2:18-cv-00322-NT, 2019 WL 6534123, at *4 (D. Me. Dec. 4, 2019) (noting that certificates of assessments are presumptive proof of notice of the assessments and demands for payment). The presumption of correctness can only be overcome by sufficient evidence to contradict the tax liability. Limanni, 2015 WL 1345033, at * 2.

In support of its request for damages, the government submitted a supplemental declaration of Mary Bishop, a Revenue Officer Advisor with the Internal Revenue Service ("IRS"). (Doc. No. 13-4). Bishop testified to her review of tax records maintained by the IRS in its Integrated Data Retrieval System ("IDRS"). Decl. of Mary Bishop ("Bishop Decl.") (Doc. No. 13-4, ¶¶ 3-5). The IDRS stores and tracks taxpayer account information. Id. ¶ 5. It also generates reports for taxpayer balances due based on the tax assessments and based on its interest and penalty computations. Id. In particular, Bishop used the INTST-D module to calculate the amount of accrued tax, interest, and penalties due as of January 10, 2023 for the Clarks. Id. ¶¶ 7-8). A copy of the INTST-D printouts for the federal income tax liabilities of the Clarks, as well as the printouts for the federal employment and unemployment tax liabilities of Dean Clark, are attached to Bishop's declaration. See Exs. A, B, and C to Bishop Decl. (Doc. No. 13-4, at 10-41). These printouts contain a breakdown of the accrued tax, interest, and penalties for each tax year. Id.

For example, as to the Clarks' federal income tax liability, Bishop attests to the balance due for tax year 2012 totaling $8,432.35. The INTST-D printout for that year verifies

10

the total balance due and provides a breakdown of the assessment amount, penalties, and interest. Id. (Doc. No. 13-4, at 10). The court verified the balances due for the 2012, 2013, 2014, 2015, 2017, and 2018 tax years using the INTST-D printouts, and concludes the government is entitled to judgment in the amount of $92,361.39 as to the Clarks for federal income tax liabilities.

The court similarly reviewed the INTST-D printouts for Dean Clark's employment tax liabilities and concludes that the government is entitled to judgment in the amount of $38,004.67 for those tax liabilities. Further, the INTST-D printouts for Dean Clark's unemployment tax liabilities confirm that the government is entitled to judgment in the amount of $13,894.51 for those liabilities. These balances reflect tax liabilities as of January 10, 2023, and do not include statutory additions and interest, which continue to accrue pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

## CONCLUSION

For the foregoing reasons, the court recommends that the district judge: (1) grant the government's motion for default judgment (Doc. No. 10) as to all claims (Counts I, II, and III);

11

and (2) enter judgment in the amounts of $92,361.39 as to the Clarks for income tax liabilities, $38,004.67 as to Dean Clark for employment tax liabilities, and $13,894.51 as to Dean Clark for unemployment tax liabilities; these amounts are as of January 10, 2023 and are subject to statutory additions and interest, which continue to accrue pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

June 28, 2023

cc:   Counsel of record